# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO.

ROBERTA WITHAM, *on behalf of herself*
*and all others similarly situated*,

    Plaintiff,

v.

PALM BEACH CREDIT ADJUSTORS, INC.,
*a Florida Corporation,*
d/b/a FOCUS FINANCIAL SERVICES*,*

    Defendant.
_____/

## CLASS ACTION COMPLAINT

1.    Plaintiff, Roberta Witham, alleges violations of the *Fair Debt Collection Practices Act*, *15 U.S.C. §1692 et seq.* ("*FDCPA*").

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under *28 U.S.C. §1331*, and *15 U.S.C. §1692k*. Venue in this District is proper because Plaintiff resides here, and Defendant conducts business in this District.

## PARTIES

3.    Plaintiff, Roberta Witham ("Plaintiff"), is a natural person residing in Palm Beach County, Florida.

4.    Defendant, Palm Beach Credit Adjustors, Inc., ("Defendant"), is a Florida corporation, doing business as Focus Financial Services, and is engaged in the business of collecting consumer debts, which operates from offices located at 3800 South Congress Avenue, Suite 3, Boynton Beach, Florida 33426.

5. Defendant regularly uses the United States Postal Service and telephone in the collection of consumer debt. Defendant is licensed in the State of Florida to collect consumer debts, license number CCA0900563.

6. Defendant regularly collects or attempts to collect debts for other parties. Defendant is a "debt collector" as defined in the *FDCPA*.

7. At all times material to the allegations of this complaint, Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

8. Defendant sought to collect from Plaintiff an alleged debt incurred by Plaintiff for personal, family, or household purposes; more specifically, the debt at issue was a medical debt.

9. On or about November 21, 2017, Defendant mailed, or caused to be mailed, an initial written communication in the form of a demand letter to Plaintiff that sought to collect an alleged debt due to "Bethesda Hospital West" (the "Demand Letter"). Attached hereto as "Exhibit 1."

10. The Demand Letter was Defendant's initial communication with Plaintiff with respect to the debt alleged therein.

11. The Defendant's Demand Letter stated in part:

> Pay in full or contact this office for payment arrangements.
>
> xxxx
>
> If you notify this office in writing within 30 days after receiving this notice, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification.
>
> xxxx

>This communication is from a debt collector. This is an attempt to collect a debt and any information obtained shall be used for that purpose.

12. Pursuant *15 U.S.C §1692g(a)* Defendant must provide Plaintiff with:

>Validation of debts
>
>(a) Notice of debt; contents
>
>Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
>>(1) the amount of the debt;
>>
>>(2) the name of the creditor to whom the debt is owed;
>>
>>(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>>
>>(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period **that the debt, or any portion thereof**, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>>
>>(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(Emphasis added).

13. *15 U.S.C. §1692e(10)* states:

>A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

xxxx

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

14.     Defendant's Demand Letter states Plaintiff's debt is owed to "Bethesda Hospital West" which is a Florida registered fictitious name for Bethesda Hospital, Inc.

15.     On or about October 28, 2017 Plaintiff was mailed a statement from "Bethesda Health" that required payment of the same debt as was the subject of the Demand Letter, however the statement required the debt be paid to "Carepayment".  See "Exhibit 2" attached.

16.     Defendant's Demand Letter falsely and misleadingly pronounces the verification rights of Plaintiff provided by *15 U.S.C. §1692g*.  Defendant's statement "If you notify this office in writing within 30 days after receiving this notice, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification." omits that the Plaintiff's written notification must dispute the debt or any portion thereof, as stated in *15 U.S.C. §1692g(4)*.

17.     In addition, Defendant's statement "If you notify this office in writing within 30 days after receiving this notice, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification." is misleading and confusing as it is subject to more than one interpretation.  Defendant's statement does not inform the Plaintiff of what they need to notify Defendant's office of, i.e. that they need to dispute the debt or any portion thereof, as opposed to, for example, writing to notify the Defendant that the consumer cannot afford to make any payment on the debt.

18.     Any potential *bona fide* error defense which relies upon Defendant's mistaken interpretation of the legal duties imposed upon it by the *FDCPA* would fail as a matter of law.

## CLASS ACTION ALLEGATIONS
## AS TO DEFENDANT

19. This action is brought on behalf of a Class consisting of (i) all natural persons with addresses in Palm Beach County, Florida (ii) to whom initial written communications that contained the language: "If you notify this office in writing within 30 days after receiving this notice, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification." (iii) were mailed or caused to be mailed by the Defendant (iv) and were not returned undeliverable by the U.S. Post Office (v) in an attempt to collect a debt incurred for personal, family, or household purposes (vi) during the one-year period prior to the filing of the original Complaint in this action.

20. Plaintiff alleges on information and belief, based upon the Defendant's use of the phrase: "If you notify this office in writing within 30 days after receiving this notice, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification." in its initial communication letters served upon the Class, is so numerous that joinder of all members of the Class is impractical.

21. There are questions of law or fact common to the Class, which common issues predominate over any issues involving only individual Class members. The factual issue common to each Class member is that each was served with an initial communication letter by Defendant that contained the phrase: "If you notify this office in writing within 30 days after receiving this notice, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification."  The common principal legal issue is whether Defendant's wording violated the *FDCPA* by misleading the least sophisticated consumer to

believe that they were being given the correct validation notice required by *15 U.S.C. §1692g* after an "initial communication" by a debt collector.

22. Plaintiff's claims are typical of those of the Class members. All are based on the same facts and legal theories.

23. Plaintiff will fairly and adequately protect the interests of the Class. She has retained counsel experienced in handling actions involving unlawful practices under the *FDCPA* and Class actions. Neither Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue this action.

24. Certification of the Class under *Rule 23(b)(3)* of the *Federal Rules of Civil Procedure* is also appropriate in that:

> (1) The questions of law or fact common to the members of the class predominate over any questions affecting an individual member.
>
> (2) A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

25. Plaintiff requests certification of a Class under *Rule 23(b)(3),* of the *Federal Rules of Civil Procedure*, for monetary damages; her appointment as Class Representative; and that her attorney Leo W. Desmond be appointed Class Counsel.

## COUNT I
## VIOLATION OF *15 U.S.C. §1692g(a (4)*
## CLASS CLAIM AGAINST DEFENDANT

26. Plaintiff incorporates Paragraphs 1 through 18.

27. *15 U.S.C. §1692g(a)(2)* and *(4)* state after an initial communication the Defendant must provide Plaintiff with:

> (a) Notice of debt; contents

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
> xxxx
>
> (2) the name of the creditor to whom the debt is owed;
>
> xxxx
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

28. Defendant mailed or caused to be mailed the Demand Letter to Plaintiff in an attempt to collect a consumer debt, namely to collect alleged debts due to Plaintiff's medical expenses.

29. Defendant's Demand Letter omits that the consumer, in order to receive the benefits provided by *15 U.S.C. §1692g(a)(4)*, must specifically dispute the debt or any portion thereof.

30. Defendant's statement in its Demand Letter only states that the Plaintiff needs to "notify" Defendant's office, however it does not inform the Plaintiff of what she needs to "notify" Defendant's office of, i.e. that the consumer needs to dispute the amount of the debt, or any portion thereof, to receive verification of the debt or a copy of a judgment if one exists.

31. Defendant's statement "If you notify this office in writing within 30 days after receiving this notice, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification." could mislead the least sophisticated consumer to believe that he or she could notify Defendant's office in writing of their inability to

pay the debt or to request a payment plan and the Defendant would send the consumer verification of the debt pursuant to the statute, and while not stated, invoke the protections afforded to consumers by *15 U.S.C. §1692g(b)*.

32. As a result of Defendant's conduct, Plaintiff and the Class are entitled to an award of statutory damages pursuant to *15 U.S.C. §1692k*.

33. As a result of Defendant's conduct, Plaintiff and the Class are entitled to an award of costs and attorney fees pursuant to *15 U.S.C. §1692k*.

## COUNT II
## VIOLATION OF *15 U.S.C. §1692e*
## CLASS CLAIM AGAINST DEFENDANT

34. Plaintiff incorporates Paragraphs 1 through 18 and Paragraphs 27 through 31.

35. *15 U.S.C. §1692e* states:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> xxxx
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

36. Defendant mailed or caused to be mailed the Demand Letter to Plaintiff in connection with the collection of a consumer debt, namely to collect an alleged debt due on Plaintiff's medical debt.

37. Defendant's Demand Letter omits that the consumer may dispute the debt, or any portion of the debt in writing, despite the clear wording of *15 U.S.C. §1692g(a)(4),* and therefore, the Demand Letter violates *15 U.S.C. §1692e(10)*.

38. Defendant's Demand Letter is a misstatement of *15 U.S.C. §1692g(a)(4)* that would be confusing and misleading to the least sophisticated consumer with regard to his/her legal rights

as it omits to inform the Plaintiff (and the Class) that she must dispute the debt, or any portion thereof in writing, in order to receive verification of the debt as well as the protections available pursuant to *15 U.S.C. §1692g(b)*.

39. Defendant's statement in its Demand Letter only states that the Plaintiff needs to "notify" Defendant's office, however it does not inform the Plaintiff of what she needs to "notify" Defendant's office of, i.e. that the consumer needs to dispute the amount of the debt, or any portion of the debt, to receive verification of the debt or a copy of a judgment if one exists.

40. Defendant's statement "If you notify this office in writing within 30 days after receiving this notice, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification." could mislead the least sophisticated consumer to believe that he or she could notify Defendant's office in writing of their inability to pay the debt, or to request a payment plan, and the Defendant would send the consumer verification of the debt.  Defendant's statement is susceptible to more than one interpretation.

41. As a result of Defendant's conduct, Plaintiff and the Class are entitled to an award of statutory damages pursuant to *15 U.S.C. §1692k*.

42. As a result of Defendant's conduct, Plaintiff and the Class are entitled to an award of costs and attorney's fees pursuant to *15 U.S.C. §1692k*.

**WHEREFORE**, Plaintiff requests that the Court enter judgment in her favor against Defendant for:

a. An Order certifying this matter as a Class Action and appointment of Plaintiff as Class Representative as to all claims against Defendant;

b. An Order appointing Leo W. Desmond as Class Counsel;

    c.   An award of statutory damages for Plaintiff and the Class pursuant to *15 U.S.C. §1692k* for all Class claims;

    d.   An award of attorney's fees, litigation expenses and costs of the instant suit; and

    e.   Such other or further relief as the Court deems proper.

Dated: February 23, 2018.

                                                        Respectfully submitted,

                                                        */s/ Leo W. Desmond*
                                                        Leo W. Desmond, Esquire
                                                        Florida Bar Number 0041920
                                                        DESMOND LAW FIRM, P.C.
                                                        5070 Highway A1A, Suite D
                                                        Vero Beach, Florida 32963
                                                        Telephone: 772.231.9600
                                                        Facsimile:   772.231.0300
                                                        lwd@desmondlawfirm.com
                                                        *Attorney for Plaintiff*